UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANJAY SOOKUL, *on behalf of himself and all others similarly situated*,

                Plaintiff,

              v.

OROBORO, INC.,

                Defendant.

24-CV-675 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Pending before this Court is Plaintiff's motion for default judgment. ECF No. 17. Before ruling on Plaintiff's motion, this Court must assure itself that service has been properly effectuated. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.").

    On January 30, 2024, Plaintiff filed suit on behalf of himself and a putative class of individuals against Defendant Oroboro, Inc. *See* ECF No. 1. Plaintiff subsequently filed the process server's affidavit, stating that service occurred on February 27, 2024, and attaching a New York State form titled "Additional Notice of Lawsuit." ECF No. 6. It is, however, unclear from the affidavit and attached notice whether service was properly effectuated.

    First, the server's affidavit does not specify whether a copy of the Complaint or a notice was delivered. ECF No. 6., at 1. "Federal Rule of Civil Procedure 4(e)(1) permits a party to effect service in accordance with the rules of the state where the district is located or where service is made." *Rouse v. Broadway & Cooper LLC*, 753 F. Supp. 3d 153, 166 (E.D.N.Y. 2024). "[W]hen effecting service under [New York] state law, a plaintiff must, at the very least, serve a summons and notice." *Tieman v. City of Newburgh*, No. 13–CV–4178, 2015 WL 1379652, at *8 (S.D.N.Y.

Mar. 26, 2015).[1] "Failure to comply with this requirement is a jurisdictional defect mandating dismissal of the action." *N.Y. State Workers' Comp. Bd. v. Episcopal Church Home & Affiliates, Inc.*, 193 N.Y.S.3d 823, 826 (N.Y. App. Div. 2023).

Here, the process server's affidavit does not state whether Plaintiff was served with a copy of the Complaint or a notice. Although attached to the affidavit is a document titled "Additional Notice of Lawsuit," this notice states that Defendant is being sued for an "unpaid consumer debt," ECF No. 6, at 3, while Plaintiff's Complaint brings an Americans with Disabilities Act claim and related claims under New York State and City laws, *see* ECF No. 1, at 16–27. It is unclear if this notice was even served with the summons on Defendant. If it was served, the notice did not—in light of its inaccuracies—adequately apprise Defendant of the nature of the action against it. *See Parker v. Mack*, 460 N.E.2d 1316, 1316 (N.Y. 1984) ("No action is commenced by the service of a summons alone which neither contains nor has attached to it a notice of the nature of the action and of the relief sought . . . ."); *Drummer v. Valeron Corp.*, 546 N.Y.S.2d 52, 53 (N.Y. App. Div. 1989) (Because "the notice on the summons . . . does nothing to inform defendant of the nature of the action . . . , the action must be dismissed.").

Second, it is unclear that the documents were served on a person authorized to receive service on behalf of Defendant. "In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service" so long as the server's reliance is "reasonable." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747 (1980)). A server's reliance has been found unreasonable when "he made no attempt to ascertain the title or

---

[1] In light of Plaintiff's attachment of a New York form to the affidavit of service, the Court analyzes the sufficiency of service under New York law.

corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation," *Singh v. Meadow Hill Mobile Inc.*, No. 20-CV-3853, 2023 WL 3996867, at *7 (S.D.N.Y. June 14, 2023) (quoting *Shengjian Zhuang v. Hui's Garden Rest. Inc.*, No. 17-CV-7547, 2019 WL 1578193, at *1 (E.D.N.Y. Feb. 19, 2019)).

The process server's affidavit states that he "delivered the documents" at Defendant's corporate address at 9 p.m. "to jane doe who identified themselves as the person authorized to accept" service for Defendant. ECF No. 6, at 1. Troublingly, the affidavit offers no explanation of this Jane Doe's authority to accept service on behalf of Defendant, such as the position that she holds that so authorizes her, or even a statement that Doe is an employee of Defendant. In other words, it is unclear from the server's affidavit that his reliance upon Jane Doe's representation was reasonable.

The Court's concerns here are only exacerbated by the frustrations Judge Caproni expressed regarding the conduct of Plaintiff's attorney in *Jones v. Lee & Low Books, Inc.*, No. 23-CV-7756, at *5 (S.D.N.Y. May 17, 2024) ("It is apparent that warnings and modest monetary sanctions have not deterred Mr. Khaimov from building and trying to maintain an ever-growing, unmanageable caseload nor have such sanctions sufficiently incentivized him to better manage his work so that he can satisfy the bare minimum required of each member of the bar of this court: to comply with Court orders.").

Accordingly, no later than April 22, 2025, Plaintiff must submit amended proof of service. *See* Fed. R. Civ. P. 4(l)(3) (providing that a "court may permit proof of service to be amended" if proof of service is inadequate). Plaintiff's counsel shall submit a letter to the Court explaining why

3

service was properly effectuated and attaching all relevant documents, including all documents served on Defendant.

SO ORDERED.

Dated: April 8, 2025
        New York, New York

                                              Ronnie Abrams
                                              United States District Judge